**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| DANNY LEE STRADFORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:23-cv-240-HEA |
| | ) |
| CHRIS HEITMAN, et al., | ) |
| | ) |
| Defendants. | ) |

<u>**OPINION, MEMORANDUM AND ORDER**</u>

This matter is before the Court on the motion of plaintiff Danny Lee Stradford, an inmate at the Maries County Jail, for leave to commence this civil action without prepaying fees or costs. The Court grants the motion, and assesses an initial partial filing fee of $1. Additionally, the Court directs Plaintiff to file an amended complaint, and denies without prejudice his motion to appoint counsel.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff did not file a copy of his inmate account statement along with the instant motion, and on March 2, 2023, this Court ordered him to do so.  Plaintiff has not complied with that order. However, rather than again direct Plaintiff to file a copy of the statement, the Court will assess an initial partial filing fee of $1, an amount that is reasonable based upon the information before the Court.  *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances.").

## Legal Standard

This Court is required to review a complaint filed in forma pauperis, and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that

2

requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court liberally construes complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Liberal construction" means that "if the essence of an allegation is discernible," the court "construe[s] the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court need not assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor must it interpret procedural rules to excuse mistakes by those who proceed without counsel, *see McNeil v. United States,* 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff is a pretrial detainee who is incarcerated at the Maries County Jail in Vienna, Missouri. He filed the complaint pursuant to 42 U.S.C. § 1983 against Maries County and the Maries County Sheriff's Department, five Sheriff's Department employees, and three jail employees. He sues the individual defendants in their official and individual capacities.

The complaint advances multiple claims against multiple defendants concerning unrelated events that occurred beginning in June of 2020 and ending in approximately December of 2022. For example, Plaintiff alleges he was subjected to unlawful arrest and excessive force, his wallet was confiscated and his debit cards were used without his authorization, jail officials were

3

deliberately indifferent to his serious medical needs, and he and other inmates were subjected to overcrowded and unsanitary jail conditions.

## Discussion

The complaint asserts multiple unrelated claims against not one but 10 defendants.  That pleading practice is not allowed, especially in prisoner cases where litigants may be trying to avoid paying separate filing fees.  *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (district court should question joinder of defendants and claims in prisoner cases).  Rule 20(a)(2) of the Federal Rules of Civil Procedure governs joinder of defendants, and provides:

> Persons . . .  may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Therefore, a plaintiff cannot join, in a single lawsuit, multiple claims against different defendants related to events arising out of different transactions or occurrences.  Unrelated claims against different defendants belong in different suits, partly to ensure that prisoners pay the required filing fees.  The Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. § 1915(g).

Rule 18(a) of the Federal Rules of Civil Procedure governs joinder of claims, and provides:

> A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.

Therefore, multiple claims against a single defendant are valid.

The Court will give Plaintiff the opportunity to file an amended complaint.  Plaintiff must prepare the amended complaint on a court form, which will be provided to him.  In the caption of

the form complaint, plaintiff should write the name of each defendant he wishes to sue. In the "Statement of Claim" section, Plaintiff should begin by writing the first defendant's name, and under that name, set forth in separate numbered paragraphs the facts and allegations supporting his claim(s) as to that particular defendant, as well as the right(s) that he claims that particular defendant violated. Plaintiff must set forth short and plain statements showing that he is entitled to relief, his allegations must be simple, concise, and direct, and he must set forth his allegations in numbered paragraphs that are limited to a single set of circumstances. *See* Fed. R. Civ. P. 8 and 10.

If Plaintiff names more than one defendant, he shall proceed in the same manner with each one, separately setting forth each individual name and under that name, in numbered paragraphs, the allegations specific to that particular defendant and the right(s) that defendant allegedly violated. However, the Court reminds Plaintiff that if he names more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that have some relation to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, Plaintiff may sue a single defendant, and set forth as many claims as he has against that single defendant. *See* Fed. R. Civ. P. 18(a). Plaintiff is advised that the amended complaint will replace the original complaint, and will be the only pleading the Court reviews. *See, e.g., In re Wireless Tel. Fed. Cost Recovery Fees Litig.,* 396 F.3d 922, 928 (8th Cir. 2005).

Plaintiff has also filed a motion to appoint counsel. The motion is denied, without prejudice. Indigent civil litigants have no constitutional or statutory right to appointed counsel. *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). A district court may appoint counsel in a civil case if it is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and

where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Id.* (citing *Johnson v. Williams,* 788 F.2d 1319, 1322 (8th Cir. 1986)).

Here, there is no indication that Plaintiff is incapable of representing himself, and nothing in the instant motion or in the record before the Court indicates that the factual or legal issues are sufficiently complex to justify the appointment of counsel.  In sum, there is no basis to conclude that the appointment of counsel would be of sufficient benefit to Plaintiff and the Court.  However, recognizing that circumstances may change, the Court will deny the motion for appointment of counsel without prejudice, and will entertain future such motions, if appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that,  within  twenty-one (21) days of the date of this Memorandum and Order, Plaintiff must pay an initial partial filing fee of $1.00.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his jail registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that,  within  twenty-one (21) days of the date of this Memorandum and Order,  Plaintiff shall submit an amended complaint in accordance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to Plaintiff two blank Prisoner Civil Rights Complaint forms.  Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (ECF No. 3) is **DENIED** without prejudice.

**Plaintiff's failure to timely comply may result in the dismissal of this case, without prejudice and without further notice.**

Dated this 25th day of May, 2023.

_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

7